IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SZELES REAL ESTATE DEVELOPMENT COMPANY, L.P. | : : : | CIVIL ACTION |
| v. | : : | |
| THE HARTFORD CASUALTY INSURANCE COMPANY | : : : | NO. 12-7145 |

MEMORANDUM

**Padova, J.**                                                                                                July 25, 2013

Plaintiff Szeles Real Estate Development Co., LP ("Szeles") brings this action for declaratory relief arising out of an insurance policy issued by Defendant The Hartford Casualty Insurance Co. ("Hartford"). Presently before the Court is Hartford's Motion to Dismiss. For the reasons that follow, we grant the Motion.

**I.     BACKGROUND**

The Complaint alleges the following facts. Szeles leased commercial real estate to Berkshire Health Partners ("Berkshire") pursuant to the terms of a lease agreement (the "Lease"). (Compl. ¶ 5.) Berkshire is insured under a general liability insurance policy, Policy No. 44SBA T17041, issued by Hartford (the "Policy"). (Id. ¶ 2; Policy, attached as Ex. B to Compl.) As part of its obligations under the Lease, Berkshire listed Szeles as an additional insured under the Policy. (Compl. ¶ 7.)

On November 21, 2006, Judith Gausch, a Berkshire employee, suffered an injury while opening a door on Berkshire's premises. (Id. ¶ 9.) The door had been installed by another entity, KS Heagy Contractor/Property Maintenance, Inc. ("Heagy"). (Id.) Gausch commenced a personal injury action against Szeles and Heagy in the Berks County Court of Common Pleas, Gausch v. Szeles Real Estate Dev. Co., LLC, & K.S. Heagy Contractor/Prop. Maint., Inc., Civ.

A. No. 08-15424 (Berks Cnty. Ct. of Common Pleas 2009) (the "Gausch action"). (Id. ¶ 10; see id. Ex. D.) Relying on its status as an additional insured under the Policy, Szeles attempted to tender its defense in the Gausch action to Hartford. (Id. ¶ 11.) Hartford refused Szeles's tender request. (Id. ¶ 12.) Hartford acknowledged Szeles's status as an additional insured under the Policy, but based its denial of coverage on the Policy's excess "other insurance" clause. (Id.)

Szeles requests that we find and declare that Hartford is under a duty to defend and indemnify Szeles in the Gausch action. (Id. ¶ 15.) Hartford has filed a Motion to Dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (citing Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the

2

grounds upon which it rests.'" Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative level.'" West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555).

## III. DISCUSSION

The Complaint alleges that the Policy requires Hartford to defend and indemnify Szeles in the Gausch action. (Compl. ¶ 15(B).) Hartford has moved to dismiss the Complaint for failure to state a claim upon which relief may be granted, arguing that: (1) the Policy's employee injury exclusion provision bars coverage for injuries suffered by Berkshire employees; and (2) the Lease entered into by Berkshire and Szeles does not qualify under the "insured contract" exception to the Policy's employee injury exclusion provision.[1]

Hartford argues that the Policy contains an employee injury exclusion provision which precludes coverage for Szeles in the Gausch action because Gausch, an employee of named insured Berkshire, was injured during the course of her employment, and the Policy excludes

---

[1] Although the Complaint alleges that Hartford initially denied coverage based on the Policy's excess "other insurance" clause, Hartford does not now move to dismiss the Complaint on that basis.

from coverage injuries to employees that occur in the course of their employment. The Policy's employee injury exclusion provision reads, in pertinent part:

> This insurance does not apply to:
>
> . . . .
>
> **e.** **Employer's Liability**
>
> "Bodily injury" to:
>
> (1) An "employee" of the insured arising out of and in the course of:
>
> (a) Employment by the insured; or
>
> (b) Performing duties related to the conduct of the insured's business, or
>
> (2) The spouse, child, parent, brother or sister of that "employee" as a consequence of (1) above.
>
> This exclusion applies:
>
> (1) Whether the insured may be liable as an employer or in any other capacity; and
>
> (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> This exclusion does not apply to liability assumed by the insured under an "insured contract."

(Policy at Business Liability Coverage Form, pg. 4, § B(1)(e).)[2]

---

[2] "'The interpretation of the scope of coverage of an insurance contract is a question of law properly decided by the court.'" Meyer v. CUNA Mut. Ins. Soc'y, 648 F.3d 154, 162 (3d Cir. 2011) (quoting Regents of Mercersburg Coll. v. Republic Franklin Ins. Co., 458 F.3d 159, 163 (3d Cir. 2006)). "In construing the policy, if the words of the policy are clear and unambiguous, the court must give them their plain and ordinary meaning." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005) (citing Pacific Indem. Co. v. Linn, 766 F.2d 754, 760-61 (3d Cir. 1985)). "When a term is ambiguous, and the intention of the parties cannot be discerned from the policy, the court may look to extrinsic evidence of the purpose of the insurance, its subject matter, the situation of the parties, and the circumstances surrounding the making of the contract." Id. (citing Pacific Indem., 766 F.2d at 761). The parties agree that Pennsylvania law applies to the interpretation of the Policy and the Lease.

Under Pennsylvania law, "the employee injury exclusion provision applie[s] to additional insureds seeking coverage under the policy, and not just to the primary purchaser of the policy." Brown & Root Braun, Inc. v. Bogan Inc., 54 F. App'x 542, 546 (3d Cir. 2002) (discussing Pennsylvania Mfr.'s Ass'n Ins. Co. v. Aetna Cas. & Sur. Ins. Co., 233 A.2d 548, 550 (Pa. 1967)). Moreover, an "employee injury exclusion provision of [an] insurance policy bars coverage for [an additional insured] with respect to the personal injury claims of the [named insured's] employees." Id. (citing Pennsylvania Mfr.'s Ass'n, 233 A.2d at 550).[3] The Policy's employee injury exclusion provision thus bars coverage for claims brought by Berkshire employees against Berkshire, as the named insured, and also applies with equal force to claims brought by Berkshire employees against Szeles, as an additional insured.

Szeles argues, however, that the Policy's employee injury exclusion provision does not preclude coverage in the instant case because the Lease entered into by Berkshire and Szeles triggers an exception to the Policy's employee injury exclusion provision. The Policy states that the employee injury exclusion provision "does not apply to liability assumed by the insured under an 'insured contract.'" (Policy at Business Liability Coverage Form, at 4, § B(1)(e).) The Policy defines an "insured contract" as "[a] contract for a lease of the premises." (Id. at 21, § G(12)(a).) The parties agree that the Lease qualifies as a "contract for a lease of the premises" as that term is defined in the Policy.

The Lease entered into by Berkshire and Szeles contains an indemnification provision, which reads, in pertinent part:

---

[3] C.f. Markel Ins. Co. v. Young, Civ. A. No. 11-1472, 2012 WL 2135564, at *5 (E.D. Pa. June 12, 2012) ("An employer liability exclusion clause precludes coverage for an injury suffered by an employee of *any* named insured, regardless of whether the employee works for the named insured seeking coverage." (citing Pennsylvania Mfr.'s Ass'n, 233 A.2d at 550-51)).

> [Berkshire] shall indemnify [Szeles] and save it harmless from suits, actions, damages, liability and expense (including reasonable attorney's fees) in connection with loss of life, bodily or personal injury or property damage arising from or out of any occurrence in, upon or at the Premises or the occupancy or use by [Berkshire] of the Premises or any part thereof, or occasioned wholly or in part by any act or omission of [Berkshire], its agents, contractors, employees, servants, invitees or licensees. [Berkshire] shall, at its own cost and expense, defend any and all suits or actions (just or unjust) which may be brought against [Szeles] or in which [Szeles] may be impleaded with others upon any such above mentioned matter, claim or claims, except for any such matter, claim or claims arising from the misconduct of [Szeles].

(Amendment No. 1 to Lease at § 16(e), attached as Ex. C to Compl.) Because the "insured contract" exception applies to liability "assumed by the insured," and because both Szeles and Berkshire are "insureds" under the Policy, we must determine whether either Szeles or Berkshire assumed liability for another party under the Lease's indemnification provision. It is evident that Szeles did not assume any liability for another party under the Lease. The Lease's indemnification provision states that Berkshire, the lessee, will assume liability for Szeles, the lessor, not vice versa. We thus conclude that, with respect to Szeles's assumption of liability, the Lease does not qualify under the "insured contract" exception to the Policy's employee injury exclusion provision.

Szeles argues that Berkshire did, on the other hand, agree to assume liability for Szeles in the Lease's indemnification provision, and therefore the "insured contract" exception to the Policy's employee injury exclusion provision applies. Hartford maintains that the Lease nonetheless fails to qualify under the "insured contract" exception because Berkshire did not expressly assume liability for injuries to Berkshire employees.

Under Pennsylvania law, when an employee suffers an injury, the employer:

6

> shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

77 Pa. Cons. Stat. § 481(b) (emphases added). The Pennsylvania Superior Court, in interpreting § 481(b) as applied to written indemnification provisions, has explained that:

> The intent to indemnify against claims by employees of the alleged indemnitor . . . must clearly appear from the terms of the agreement . . . . [C]ontracting parties must specifically use language which demonstrates that a named employer agrees to indemnify a named third party from liability for acts of that third party's own negligence which result in harm to the employees of the named employer. Absent this level of specificity in the language employed in the contract for indemnification, the Workmen's Compensation Act precludes any liability on the part of the employer.

Bester v. Essex Crane Rental Corp., 619 A.2d 304, 307-09 (Pa. Super. Ct. 1993) (en banc); see also Markel Ins. Co., 2012 WL 2135564, at *1, *6-7 (applying Bester to an indemnification provision in a lease that qualified as an "insured contract" under an insurance policy). An indemnification provision therefore "must be construed strictly, and general indemnity language such as 'any or all' or 'any nature whatsoever' is insufficient." Bester, 619 A.2d at 307.

The language in the Lease's indemnification provision states that Berkshire shall indemnify Szeles in "suits, actions, damages, liability and expense" arising out of "any occurrence in, upon or at the Premises," "occasioned wholly or in part by any act or omission" of Berkshire. (Amendment No. 1 to Lease at § 16(e).) It also states that Berkshire shall defend "any and all suits or actions" which may be brought against Szeles, except for those arising out of Szeles's misconduct. (Id.) The indemnification provision does not, however, expressly state that Berkshire will indemnify Szeles in claims brought by Berkshire employees based on

7

Szeles's negligence. The absence of specific language establishing that Berkshire agreed to indemnify Szeles against claims based on Szeles's negligence brought by Berkshire employees "requires the conclusion that the [Lease's indemnification] clause does not meet the requirements of the Workmen's Compensation Act concerning express waiver, 77 P.S. § 481(b)." Bester, 619 A.2d at 308; see also Markel Ins. Co., 2012 WL 2135564, at *7 (finding that the language "'any damage or injury,' 'any other person,' and 'any claims for damages,' does not expressly state that [the lessee] will indemnify [the lessor] from liability for acts of her negligence resulting in employee injuries"); Finney v. CSX Transp., Inc., Civ. A. No. 09-3040, 2009 WL 3719382, at *4 (E.D. Pa. Nov. 5, 2009) (finding that the language "any person" and "any and all claims" was insufficient for the employer to "waive immunity under Pennsylvania law").

We conclude that, because Berkshire did not assume liability for injuries to Berkshire employees caused by Szeles's negligence in the indemnification provision, the Lease does not qualify as an "insured contract" under that exception to the Policy's employee injury exclusion provision. It follows that the Policy's employee injury exclusion provision is controlling and precludes coverage in the Gausch action. We further conclude that the Complaint does not allege sufficient facts to state a plausible claim that Hartford is required to defend and indemnify Szeles in the Gausch action. Accordingly, we grant Hartford's Motion to Dismiss.

## IV. CONCLUSION

For the foregoing reasons, we grant the Motion to Dismiss the Complaint. An appropriate order follows.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.

8